HAVEMEYER *v.* RANDALL.

*(Circuit Court, D. New Jersey.    July 31, 1884.)*

1. PATENT—TOPHAM'S PATENT FOR "IMPROVEMENTS IN SPITTOONS."
   The invention claimed by Topham in his second claim of reissued letters patent (No. 5,514) is void for want of novelty.

2. SAME—VOID EXPANDED CLAIM—EFFECT AS TO OTHER CLAIMS.
   Although a reissue may be void as to new or expanded claims, it may still be held good for claims that are not expanded, or which do not show a different invention from the original patent.

In Equity.

*Wetmore, Jenner & Thompson*, for complainant.

*A. B. Cruikshank*, (with whom was *F. P. Fitch*,) for defendants.

NIXON, J.    This bill is filed for the alleged infringement of the second claim of Topham's reissued letters patent No. 5,514, and dated July 29, 1873, for "improvement in spittoons." The claim is as follows:

"(2) The arrangement of the weight between the two layers or thicknesses of material of which the bottom of the spittoon or similar vessel is composed, substantially as and for the purposes specified."

Three defenses are set up: (1) The invalidity of the reissue, as for a different invention from the original; (2) the want of novelty of the invention, in view of the prior state of the art; (3) non-infringement.

1. The first cannot be maintained. The objection to the reissue is that the first claim thereof is an expansion of the first claim of the original patent, which applied the invention only to spittoons, pails, and vessels made of paper; whereas, the reissue is designed to make it applicable to all spittoons, pails, or vessels, liable to be overturned, without regard to the material of which they are composed. As the present suit is not upon the first claim, it is unnecessary to express any opinion concerning the correctness of such an objection. The second claim of the reissue, for the infringement of which damages are demanded, is the same as the second claim of the original, and it is now well settled that, although a reissue may be void as to new or expanded claims, it may still be held good for claims that are not expanded, or which do not show a different invention from the original patent.

2. The second alleges a want of novelty. Waiving any expression of opinion in regard to the several patents which the defendant put in evidence to show anticipation of Topham's second claim, I cannot resist the conviction that his alleged invention was in public use in Chicago before the date of the issue of his patent, to-wit, August 2, 1870, which, in the absence of all proof to the contrary, must be regarded, for the purposes of this case, as the date of his invention.

Six witnesses have been called—three by the complainant and three by the defendant—in regard to the manufacture and sale of cuspidors by the firm of Crerar, Adams & Co., carrying on business at Nos. 11 and 13 Wells street, Chicago, during the years 1868, 1869, and 1870. They all agree in the statement that during these years large quantities of cuspidors with weighted bottoms were sold to railroads and hotels, and that they were generally loaded with lead, or mixtures of scrap metal melted together. But Sararan Muller, who packed all the goods manufactured by the firm, and Joseph Kruselin, one of the workmen, testify that at the beginning and during the year 1868 a number of spittoons or cuspidors were manufactured, loaded with sand in the bottom, and that when sand was used it was secured and held in place by a tin plate, which was soldered above and on the top of the sand, and which formed the inside bottom of the vessel. One of the members of the firm, Mr. McGregor Adams, confirmed their testimony to the extent of asserting that, while he does not remember seeing the sand used, he has a positive recollection that the workmen told him, during the year, that they were making cuspidors and loading their bottoms with sand, secured by a metal plate over the sand. Muller and Kruselin enter into such particulars in regard to the sand being brought from the lake to the manufactory in barrels, and its frequent use by them in the manu-

facture, that their evidence must be accepted as true. The fact is uncontradicted, except by the negative statement of the three witnesses summoned by the defendant, who are able only to say that they have no recollection that sand was ever used by the firm in weighting the bottom of spittoons or cuspidors.

The invention claimed by Topham in his second claim is so accurately described by these manufactures of the Chicago firm, anticipating the date of his patent, that I must hold the claim to be void for want of novelty, and dismiss the bill of complaint, with costs.